UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEVEN HURST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00384-JMS-WGH |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Steven Hurst for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVE 14-07-0063. For the reasons explained in this Entry, Hurst's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On July 14, 2014, at approximately 1:21 p.m., petitioner Steven Hurst assaulted fellow inmate Jeffrey Cook at the New Castle Correctional Facility (New Castle). That same day, Officer Detro wrote an initial Report of Conduct charging Hurst with assault. Officer Detro's report indicated that Detro had observed Hurst fill up his coffee mug with hot water, splash that hot water on Cook, and then repeatedly strike Cook with closed fists; Hurst relented only after being sprayed twice in the face with pepper spray.

After the incident, Internal Affairs Investigator Justin Upchurch conducted an investigation. Hurst was interviewed on the day of the incident, and when asked why he chose Cook as his victim, Hurst responded, "Because he was there." Cook was also interviewed the following day but declined to speak about the assault. Investigator Upchurch subsequently completed a confidential Report of Investigation ("IA Report"), documenting his findings.

On July 17, Investigator Upchurch wrote a Report of Conduct in case WVE 14-07-0063 ("Conduct Report") charging Hurst with battery in violation of state law. The Conduct Report states as follows:

> The following Conduct Report has been issued to offender Steven Hurst IDOC #964879, based on an investigation conduct [sic] from the following dates, (7/14/14 through 7/17/14) for violation of Adult Disciplinary Policy A-100 Violation of Any Law, I.C. 35-42-2-0.1[1] Battery. On 7/14/14, Hurst was witnessed via facility camera walking from the upper tier showers in O-Housing Unit POD 4, to the filtered water dispenser, filling an offender coffee mug with water. While filling the coffee mug with water, offender Jeffrey Cook #164432 entered POD 4, [and] Hurst is then witnessed engaging in an assault on Cook, throwing water in his face from the coffee mug, and then striking him in the face and upper body with closed fists. (Note: Hurst is also seen attempting to strangle Cook from behind, by wrapping his arm around Cook's neck). After interviews with the offender population in O-Unit POD 4, it was discovered the attack on Cook was a planned attack as the STG Aryan Brotherhood and the STG Maniac Latin Disciples have been feuding for an extensive period of time. Based on the Investigation, and the video review, Offender Steven Hurst #964879 did violate code A-100

Investigator Upchurch listed the time and date of the incident as 9:00 a.m. on July 17, 2014, because that was when he completed his investigation and he had been instructed to list the time and date he concluded his investigation as the time and date of the incident.

On July 18, Hurst was transferred from New Castle, a medium-security facility, to Wabash Valley, a maximum-security facility, due to his gang activity. Aware of the impending transfer, Investigator Upchurch typed up the Conduct Report and sent it and the confidential IA Report along with Hurst to Wabash Valley.

Prior to serving the Conduct Report on Hurst, the screening officer at Wabash Valley amended the charge to assault by striking and initialing the references to Offense A-100 and the Indiana Code, and replacing them with "Offense A-102" and inserting "assault" before battery. Thus, the amended Conduct Report charged Hurst with committing assault/battery (offense A-102) in violation of the Disciplinary Code for Adult Offenders.

On July 22, 2014, Hurst was notified of the assault charge and served with the Conduct Report and the Notice of Disciplinary Hearing "Screening Report". Hurst was notified of his rights, pleaded not guilty, and requested appointment of Offender Hill as his lay advocate, who subsequently accepted the appointment. Hurst did not request any witnesses or request any physical or documentary evidence.

Prior to the disciplinary hearing, the disciplinary hearing officer (Officer Chapman) reviewed the confidential IA Report and determined that it should not be disclosed to Hurst. The hearing officer summarized the IA Report:

> On 7/14/14 officers in O-Housing Unit called a 10-10 regarding offenders Cook, Jeffrey #164432 and Hurst, Steven #964879. After reviewing video of the fight, Internal Affairs witnessed Hurst leaving the upper tier of POD 4 with what appeared to be a cup in his right hand. Hurst can be seen walking down the stairs, and filling

3

>the cup he had in his possession up with water at the filtered water dispenser. At this time Cook is walking in the POD from the Case Manager's Office. Cook is witnessed talking with correctional staff at the entrance of the POD as they are removing hand restraints from his wrists. While staff are [sic] removing the hand restraints from Cook, Hurst is witnessed walking behind Cook with the cup in his hand. Staff turns away, and Cook is witnessed walking towards the stairs. As he walks back to his cell (208), Hurst is witnessed throwing water from the cup on Cook and then assaulting Cook with closed fists. This appears to be an STG related incident. Hurst is a member of The Aryan Brotherhood. Cook is a member of Manic [sic] Latin Disciple. There is [sic] on going tensions between the two STG.

The hearing officer provided this written summary to Hurst, even though Hurst had not requested any evidence.

The hearing officer conducted a disciplinary hearing in WVE 14-07-0063 on July 28, 2014. The hearing officer does not recall Hurst ever requesting any evidence or requesting that she view the surveillance video. At the hearing, Hurst pleaded not guilty and commented that although it was written as an A-102 assault, if anything it was a B-212 assault because A-102 requires serious bodily injury. The hearing officer found Hurst guilty of A-102 assault based on the Conduct Report, Hurst's statement, Cook's injury report, a photo of Cook's injuries, and the confidential IA Report. Due to the seriousness of the offense and the likely corrective effect of sanctions, the hearing officer recommended the following sanctions: a written reprimand, one month of lost privileges, six months' disciplinary segregation, 90 days' lost earned credit time, a demotion from credit class I to credit class II, and imposition of a previously suspended sanction of 90 days' lost earned credit time. The sanctions were later approved.

**C. Analysis**

Hurst challenges the disciplinary action against him, arguing that Indiana Department of Correction (IDOC) policy was violated because the Conduct Report was not written within 24 hours of the incident at issue and because his hearing was not held within seven days of the

incident. Hurst also argues that his due process rights were violated when the hearing officer did not view the surveillance video.

### 1. Violations of IDOC Policy

Hurst first argues that IDOC policy was violated when the Conduct Report was not written within 24 hours of the incident at issue and because his hearing was not held within seven days of the incident. The respondent argues that the IDOC policies at issue were not violated and that even if they were violations of IDOC policy do not amount to due process violations. First, the respondent explains that the policy that conduct reports be submitted within a day of the incident at issue does not apply to a segregated offender under investigation like Hurst. With regard to the disciplinary hearing, the policy provides that hearings generally should be held within seven days (excluding weekends and holidays) of the incident, but it also acknowledges that hearings may be delayed for valid reasons and provides that delay for any reason in holding the hearing is not a basis for dismissal or appeal.

Even if the policies were violated, the respondent argues that such violations did not rise to the level of due process violations. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). The process due here is measured by the Due Process Clause of the United States Constitution, not the internal policies of the prison. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("[R]egardless of state procedural guarantees, the only process due an inmate is that minimal process guaranteed by the Constitution."); *see also Brown v. Rios*, 196 Fed.Appx. 681, 683 (10th Cir.2006) (unpublished) (same). *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of IDOC policy

5

do not state a claim for federal habeas relief). Hurst's allegations of IDOC policy violations therefore do not amount to actionable due process violations.

### 2. Surveillance Video

Hurst next asserts that the hearing officer violated his due process rights by refusing to review the surveillance video.[1] A prisoner has a right to call witnesses and present documentary evidence in a prison disciplinary proceeding, *Wolff*, 418 U.S. at 566, "but prison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 939-40 (7th Cir. 2007). Additionally, prison officials do not deny due process by denying a prisoner's untimely request to present evidence. *See Hamilton v. O'Leary*, 976 F.2d 341, 346–47 (7th Cir. 1992). The Screening Report reflects that Hurst did not request any witnesses or any physical or documentary evidence and Hurst does not dispute this. Because he did not request this evidence be viewed by the hearing officer, he cannot show that his due process rights were violated by its absence.

Further, even if Hurst made a timely request for the hearing officer to view the video, any refusal by the hearing officer to view it is at most harmless error. It is true that if a prisoner timely requests the hearing officer to review surveillance video, the hearing officer must do so. *See Piggie v. McBride* (*Piggie I*), 277 F.3d 922, 925-26 (7th Cir. 2002); *Hoskins v. McBride*, 202 F. Supp. 2d 839, 845-46 (N.D. Ind. 2002). But the hearing officer is not obligated to view nonexculpatory evidence that is merely repetitive of the evidence already presented and is not exculpatory. *See, e.g.*, *Scruggs*, 485 F.3d at 939-40. Hurst argues that the surveillance video is exculpatory because it would show that at 9:00 a.m. he was secured in his cell and not attacking Cook. Hurst bases this

---

[1] Hurst describes this claim as a violation of IDOC policy, but because this claim also appears to implicate his due process rights, the Court will address the due process issues raised.

argument on the fact that the conduct report submitted after the completion of the IA investigation notes the time of the incident as 9:00 am. The respondent does not dispute that Hurst was in his cell at that time, but argues that this does not mean the video is exculpatory. The respondent explains that the time listed on the conduct report is 9:00 a.m. because New Castle policy requires that IA investigators list the date and time of the incident as the date and time they complete the investigation, not the time the incident actually occurred. The undisputed evidence is that Hurst attacked Cook at around 1:21 p.m. on July 14, 2014, not 9:00 a.m. Any video evidence regarding Hurst's activities at 9:00 a.m. would be irrelevant to whether he was involved in the assault at 1:21 p.m. and therefore not exculpatory.

To the extent that the Conduct Report contained inaccuracies regarding the time that the incident occurred, this also did not violate Hurst's due process right to notice of the charges against him. A prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. The notice should inform the prisoner "of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). Here, the Conduct Report states that Hurst was witnessed assaulting Cook and describes how the assault took place. Regardless of whether an incorrect time was listed on the Conduct Report, Hurst was made aware of the charges against him and the basis of those charges. The notice was therefore sufficient.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceedings. Accordingly, Hurst's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: January 7, 2016

                                               Hon. Jane Magnus-Stinson, Judge
                                               United States District Court
                                               Southern District of Indiana

Distribution:

STEVEN HURST
964879
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel